Benjamin F. **MAPLESDEN** and Anne W. Maplesden, Plaintiffs/Appellants,

v.

**UNITED STATES** of America, and Jon E. Riewerts, Defendants/Appellees.

No. 84–1830.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 1985.

Decided July 2, 1985.

J. Ross Carter, Redding, Cal., for plaintiffs/appellants.

William B. Lazarus, U.S. Dept. of Justice, Washington, D.C., for defendants/appellees.

Before SCHROEDER, NELSON and REINHARDT, Circuit Judges.

NELSON, Circuit Judge:

Appellants' land adjoins the Klamath National Forest in California. In a related action, appellants are seeking damages from the government for timber damage from a forest fire that reached their property. Appellants initiated this action to clarify the amount of damaged timber located on their property, rather than within the boundaries of the National Forest. The district court found that some 35 acres of timberland that appellants claim is part of their homestead belongs instead to the National Forest. The district court accepted the boundaries set in a 1972 government resurvey, which was officially adopted by the government in 1977. *See* 43 U.S.C. § 772 (1982) (authorizing resurveys). Appellants claimed that the boundary which this survey set between their land and the national forest was incorrect. We affirm the decision of the district court.

■ To prevail, appellants must establish that the district court's conclusion on the factual question of the location of the eastern boundary of their land was clearly erroneous. *See United States v. Hudspeth*, 384 F.2d 683, 686 (9th Cir.1967). They contend that the government resurvey setting the boundaries, which the district court adopted, was not properly conducted because the government surveyor deemed the original corner markers set in an 1883 survey "lost" and set the eastern boundary through "proportionate measurement," a mathematical technique based upon measurements from other established corners. While the original survey controls, the proportionate method is approved if the original corner cannot be identified. 43 U.S.C. § 752 (1982). Appellants urge that the corner was not "lost" but "obliterated," which means that the original corner markers were missing but other evidence was available from which the location of the original corners could be identified. *See United States v. Doyle*, 468 F.2d 633, 637 (10th Cir.1972).

This other evidence consisted of a stream and a fallen tree that appellants claim are the stream and black-oak tree identified in the 1883 surveyor's field notes at specified distances from the corner marker. Appellants also offered testimony from individuals stating that the eastern fence was, except for a small portion, intended to mark the eastern boundary, as well as their own testimony concerning the original location of the corners. In addition, they contend that the court gave undue weight to the amount of recorded acreage. We endorse the district court's conclusion on each of these points, which will be discussed *seriatim*.

■ Testimony of neighbors and property residents concerning the historic location of corners and boundaries is significant in resurveys. *United States v. Doyle*, 468 F.2d 633, 637 (10th Cir.1972); *United States v. Citko*, 517 F.Supp. 233, 242 (E.D. Wis.1981). The surveyor responsible for the government's resurvey stated that the Maplesdens did not offer any information supporting the corner location which they now claim. The Maplesdens claim that the surveyor never asked them. In any event, their testimony about the original location of the corner was given careful consideration at trial. *See Doyle*, 468 F.2d at 637–38 (affirming boundaries set by resurvey though surveyor did not take oral testimony). *Cf. Citko*, 517 F.Supp. at 246 (rejecting resurvey because owners proved at trial that corner was located elsewhere).

■ Appellants rely heavily upon their purported identification of a certain stream which the 1883 surveyor described in his notes as located a specified distance from the corner. The district court believed the government's claim that the stream described in the notes cannot be identified among the many streams that criss-cross this steep patch of land, and that the stream identified by appellants was considered by the government's surveyor in 1972 but rejected as inconsistent with the description in the 1883 surveyor's notes. The 1883 field notes also noted a tree at a certain distance from the corner. Appel-

lants claim to have found a tree, now fallen, which meets that description. The government presented testimony, which the district court credited, that the tree identified by appellant is the wrong size, had not been a bearing tree, and is of a species common to the area.

The 1972 surveyor was informed that the line of the eastern fence was constructed along the steep hillside for convenience rather than to mark the boundary. Appellants argue that the junction of this fence was intended to mark the corner. The district court found that the 1972 surveyor correctly rejected the fence as collateral evidence of the corner's location because it was designed for convenience. This conclusion was not clearly erroneous.

Finally the district court did not give undue weight to the fact that, under the government's survey, appellants' land measures 160 acres, the maximum allowed under the Homestead Act under which appellants' land was originally deeded. The district court properly noted this factor as an additional reason why, after carefully considering all of the evidence presented, it accepted the boundaries set by the government's resurvey rather than appellants' claimed boundaries of 195 acres.

Appellants' remaining arguments, that the district court misapplied the relevant legal principles and the burden of proof, are devoid of merit and do not warrant discussion.

AFFIRMED.